**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Brian T. Kiolbasa**, OSB No. 112890
kiolbasab@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALEKSANDER MIKITYUK and OLITITSA MIKITYUK**, individuals, | Case No. 3:12-cv-1518-JE |
| Plaintiffs, | Mortgage Electronic Services, Inc.'s and Wells Fargo Bank, N.A.'s, |
| v. | REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE |
| **NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGO BANK, N.A.**, | |
| Defendants. | |

**LR 7-1(a) CERTIFICATION**

The undersigned states that counsel for defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo Bank, N.A. ("Wells Fargo") made a good faith effort through personal telephone conferences and e-mails to resolve the dispute presented by this motion with plaintiffs' counsel, but was unable to reach plaintiffs' counsel.

PAGE 1 -   MERS' AND WELLS FARGO'S REQUEST FOR JUDICIAL NOTICE OR
          INCORPORATION BY REFERENCE

Pursuant to Federal Rule of Evidence ("FRE") 201, MERS and Wells Fargo respectfully request that this Court take judicial notice and admit into evidence the documents attached to the Declaration of Brian T. Kiolbasa in Support of Motion to Dismiss and in Support of Request for Judicial Notice or Incorporation by Reference ("Kiolbasa Decl."), for the reasons explained below. Alternatively, MERS and Wells Fargo request that the Court consider them pursuant to the incorporation by reference doctrine.

FRE 201 gives the Court the power to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). Judicial notice may be taken at any stage of the proceedings. FRE 201(f). This Court may take judicial notice of documents that are matters of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings[.]"). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions * * * may be considered" in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)).

Documents that are properly subject to the incorporation by reference doctrine may also be considered by the Court. For example, when a plaintiff fails to introduce a pertinent document as part of its pleading, the defendant may do so as part of its motion to dismiss, and such documents will not be considered outside the pleadings. *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

The following documents are proper subjects of judicial notice or should be incorporated by reference because they are documents whose contents are alleged in plaintiffs' Complaint or because they are a matter of public record, publicly available, and whose accuracy is not reasonably subject to debate. FRE 201(b).

PAGE 2 -   MERS' AND WELLS FARGO'S REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

1.      The Trustee's Deed was recorded in the Multnomah County Recorder's Office on November 16, 2010, as Document No. 2010-144704.  The Trustee's Deed is a proper subject of judicial notice or incorporation by reference because it is a matter of public record, publicly available and its accuracy is not reasonably subject to debate.  FRE 201(b).  The Trustee's Deed is attached to the Kiolbasa Decl., filed concurrently herewith, as Exhibit 1.

2.      The  Service Mark Principal Register and associated trademark registration for "real estate database services," and denotes that the Service Mark was issued by the United States Patent and Trademark Office, as Registered on July 29, 1997.  As an official government act, it may be judicially noticed pursuant to FRE 201(b) because it is a matter of public record, is publicly available, and its accuracy is not reasonably subject to debate.  This document is attached to the Kiolbasa Decl., filed concurrently herewith, as Exhibit 2.

3.      The Order Granting Motion to Dismiss Without Prejudice dated July 10, 2012, issued by the Honorable Roger J. DeHoog in *Dietrich v. ReconTrust Company, N.A.*, Deschutes County Circuit Court for the State of Oregon, Case No. 11CV0801.  The *Dietrich Order* is a proper subject of judicial notice because it is a matter of public record, publicly available and its accuracy is not reasonably subject to debate.  FRE 201(b).  The *Dietrich Order* is attached to the Kiolbasa Decl., filed concurrently herewith, as Exhibit 3.

4.      The Order dated May 16, 2012, issued by the Honorable G. Philip Arnold in *Deutsche Bank Nat'l Trust Co. v. Kruse*, Civ., Deschutes County Circuit Court for the State of Oregon, Case No. 12-0005300E.  The *Kruse Order* is a proper subject of judicial notice because it is a matter of public record, publicly available and its accuracy is not reasonably subject to debate.  FRE 201(b).  The *Kruse Order* is attached to the Kiolbasa Decl., filed concurrently herewith, as Exhibit 4.

PAGE 3 -   MERS' AND WELLS FARGO'S REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0091/5543327.1

5.      The excerpts of the legislative history of 1959 Senate Bill 117 and 1961 Senate bill 397.  The excerpts are a proper subject of judicial notice because they are a matter of public record, are publicly available and their accuracy is not reasonably subject to debate.  FRE 201(b).  The excerpts are attached to the Kiolbasa Decl., filed concurrently herewith, as Exhibit 5.

For the reasons set forth above, moving defendants respectfully request that this Court take judicial notice and admit into evidence the documents attached as Exhibits 1–5 of the Declaration of Brian T. Kiolbasa in Support of Defendants' Motion to Dismiss, attached hereto.

DATED:  December 21, 2012

LANE POWELL PC

By   /s/  Brian T. Kiolbasa
    Pilar C. French, OSB No. 962880
    Brian T. Kiolbasa, OSB No. 112890
    Telephone: 503.778.2100
Attorneys for Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A.

PAGE 4 -   MERS' AND WELLS FARGO'S REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0091/5543327.1