**THE SMITH FIRM, P.C.**
David P. Smith
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **ALEKSANDR MIKITYUK** and **OLITITSA MIKITYUK**, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWEST TRUSTEE SERVICES, INC.**; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**; **MERSCORP, INC.**; **WELLS FARGO BANK, N.A.**; and **DOES 1-10**,<br><br>Defendants. | Case No.  3:12-cv-01518-JE<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT** |

Plaintiffs ALEKSANDR MIKITYUK and OLITITSA MIKITYUK (hereinafter "the Mikityuks" and/or Plaintiffs"), by and through the undersigned counsel file their Reply in Opposition to Defendants Mortgage Electronic Registration Systems, Inc. ("MERS, Inc."), and Wells Fargo Bank, N.A.'s ("WFBNA") Motion to Dismiss Plaintiffs Amended Complaint and in response thereto state as follows:

## I.   INTRODUCTION

Normally when someone claims a debt is owed to them, a court would simply require the Plaintiff to produce a copy of the cancelled check or in business, the wire transfer.  If you fail to provide the cancelled check or copy of the wire transfer then you basically are out of luck.  And

1 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

while some courts around the country still follow such simplicity, a number of courts remain blind-sighted with fabricated and created documents like assignments.

The Plaintiffs did not receive a loan from the named "Lender" and any transactional money used to fund the transaction itself was from other parties whose identity was intentionally concealed, and if the various compensation, profits and fees had been disclosed as required by TILA the Plaintiffs would have been alerted to the fact that half or all of the alleged loan was generating fees, profits and costs either equal to or even more than the alleged loan itself.

Defendants could easily prove up the alleged debt by producing the cancelled check or copy of the wire transfer that Mortgage Market, Inc. ("MMI"), the named "Lender" on the Note and Deed of Trust ('DOT"), allegedly tendered as a loan to the Mikityuk Plaintiffs, which would unequivocally put all of Plaintiffs' arguments to rest, but choose not to. Instead, Defendants have opted to record document after document, file pleading after pleading, and do everything in their power to make sure they never have the burden of producing such a simple piece of paper – a copy of the cancelled check or wire transfer showing MMI funded the transaction, and any assignment, transfer or conveyance from MMI was lawful and proper.

The result of these material omissions, false and misleading public records filings, and non-judicial sale of the subject property are all complicit in the unlawful loss of Plaintiffs' property and interest. As a result, Defendants' Motion to Dismiss should be dismissed.

## II. POINTS AND AUTHORITIES

**A. Facts.**

**i. Plaintiffs Deny Ever Receiving $165.660.00 In 2003 From MMI.**

Plaintiffs deny every receiving $165,660 from Mortgage Market, Inc., the named Lender on both the subject Note and Deed of Trust. As alleged in the Amended Complaint on or about May 9, 2003, Plaintiffs offered to enter into contracts identified as the Note(s) ("Note") and Deed of Trust(s) ("DOT"), to obtain a loan in the amount of $165,660.00 from Mortgage Market, Inc. ("MMI"); however, MMI's acceptance was different than what Plaintiffs had offered and Plaintiffs did not receive consideration for the contract. (Am. Compl. ¶ 7).

2 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

In addition and most importantly, no evidence exists of the Plaintiffs ever receiving the sum of $165,660 directly from MMI nor is there any evidence of MMI ever directly funding the subject transaction. Within the four corners of the subject Note and Deed of Trust, MMI never tendered such an amount to Plaintiffs, thus there was no consideration nor was there any meeting of the minds to solidify the Note and DOT. Plaintiffs have properly denied such facts exist in the Amended Complaint and demand Defendants produce such evidence as a cancelled check or wire transfer that corroborate MMI funded the subject transaction as recited on the subject Note and DOT.

**ii.    The Terms and Conditions of the Deeds of Trust Do Not Apply To Plaintiffs.**

The DOT is premised under a factual misrepresentation – that MMI was really the Lender. To the contrary, Plaintiffs allege MMI – a now defunct company since 2005 (see Am. Compl. ¶ 10) was an actor that never funded the transaction and was nothing more than a naked nominee whose name was rented, and who never owned any loan receivable in connection with the funding of this loan and never acquired any stake in said loan afterwards. (Am. Compl. ¶ 7).

Plaintiffs contend MMI was not the true lender/creditor and that Plaintiffs' property, which was lawfully acquired by deed, silently became the product of voluminous paperwork, none of which had any authenticity, validity or value because the transaction was never completed by funding. There was no meeting of the minds and therefore no offer, no acceptance and no consideration in any of the paperwork as the real lenders/creditors who were undisclosed to the Plaintiffs, were presented with an entirely different set of terms of repayment than the ones presented to the Plaintiffs at closing. (Am. Compl. ¶ 7).

In essence, any authority granting rights as the beneficiary from MMI to Defendant MERS, Inc. or MERSCORP for that matter is of no force or effect and should be deemed void.

**iii.    No Default Has Occurred.**

Plaintiffs deny any default has occurred. A default does not take place when a payment is not made; it takes place when a payment has not been received. Indeed anyone can make a

3 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

payment on a loan as such payment need not come directly from a borrower. The subject loans are the product of securitization into the secondary market.

As is common with most securitization documents like the Prospectus and Pooling and Servicing Agreement ("PSA"), payments are guaranteed by the servicer for the Trust for distribution to investors on time. Thus, no default could exist based on a Servicers guaranty that loan payments (principal and interest) be made and are distributed on time.

Should the Servicer (which in this case is alleged to be Defendant WFBNA) seek to recover any amounts not paid to them by a borrower, such an action would be that of equitable subrogation and not one of foreclosure.

### iv.     The *Niday v. GMAC MORTG., LLC*, 284 P. 3d 1157 (2012) Decision.

Defendants are well aware the *Niday* decision literally kills MERS as a beneficiary in the State of Oregon. *Niday* makes clear:

> "**Nothing in the text, context, or legislative history of the OTDA suggests that the legislature intended the "person for whose benefit a trust deed is given" to refer to anyone other than the party to whom the secured obligation was originally owed**. ORS 86.705(1). And, as a matter of historical context, defendants' construction of the statute is not consistent with how security instruments in the nature of mortgages functioned. By the time the OTDA was enacted in 1959, it was well established that the mortgage was merely an incident to the underlying debt. *See Beauchamp v. Jordan,* 176 Or. 320, 327, 157 P.2d 504 (1945) ("They were merely an incident to the debts evidenced by the above-mentioned notes and *the transfer of the notes effected a transfer of these mortgages.*" (Citations omitted; emphasis added.)); *Rutherford v. Eyre & Co.,* 174 Or. 162, 172, 148 P.2d 530 (1944)…
>
> …In other words**, the underlying debt and the security for that debt were not separately transferrable**; the party who benefitted from the mortgage and the party to whom **the obligation was owed were one and the same**.

Emphasis added.

As a result, the Oregon Court of Appeals has made it painfully clear Defendant MERS, Inc. could never validly be considered the beneficiary of the DOT unless it was the party to whom the obligation (debt) was actually owed. Thus, MERS, Inc. could not transfer or assign an

4 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

interest it never had and all such transfers of interest recorded in county public records must be deemed void.

### v. The Plaintiffs Property Was Unlawfully Sold To a Third Party In 2010 By Defendants.

On September 17, 2010, Plaintiffs' property was sold at a Trustee's Sale by Defendant Northwest Trustee Services, Inc. ("NWTS"). NWTS's arises from its self-dealt authority. Specifically, on June 24, 2009, approximately four (4) years *after* MMI dissolved as did MERS, Inc.'s false legal authority to act as nominee for Lender and Lenders successors and assigns; MERS, Inc. purportedly assigned the Deed of Trust to WFBNA via an obviously fabricated Assignment of Deed of Trust. (Am. Compl. ¶ 11).

MMI dissolved in 2005 and MERS, Inc.'s authority to act on their behalf ceased to legally exist - a fact MERS, Inc. was aware of or at the very least should have been aware of. MERS, Inc. had an obligation to ensure it had the legal authority to create and file such a document in public records. The fabricated Assignment of Deed of Trust was recorded as document #2009-090391 in the Official Records of Multnomah County, Oregon. (Am. Compl. ¶ 11).

The fabricated Assignment of DOT is allegedly signed by Kathy Taggart ("Taggart") who claims to be the Vice-President of MERS, Inc.; however, a simple Google search of "Kathy Taggart" shows she is an employee of Defendant Northwest Trustee Services, Inc. as a foreclosure analyst.[1] (Am. Compl. ¶ 12).

On June 24, 2009, an Appointment of Successor Trustee ("AST") was recorded under document #2009-090392. The AST is allegedly signed by Kathy Taggart who this time, now claims to be the Attorney in Fact by Power of Attorney for WFBNA. The AST appoints Taggart's employer, Defendant Northwest as the "Successor Trustee". (Am. Compl. ¶ 15).

///

---

[1] See http://www.zoominfo.com/#!search/profile/person?personId=207136758&targetid=profile.

5 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Northwest, acting as trustee, prepared on December 7, 2009, a Notice of Default and Election to Sell which was recorded as document # 2009-168079 in the Official Records of Multnomah County, Oregon.  (Am. Compl. ¶ 16).

On March 25, 2010, Northwest filed the following documents, recorded as document # 2010-038264:

- Affidavit of Mailing – Notice of Foreclosure
- Notice of Foreclosure
- Affidavit of Compliance – SB 628
- Affidavit of Mailing – Trustee's Notice of Sale
- Trustee's Notice of Sale, Proof of Service, Affidavit of Publication

Northwest listed Defendant MERS, Inc. solely as nominee for Mortgage Market, Inc., an Oregon corporation even though MERS, Inc. had assigned its beneficiary interests in the Deed of Trust to WFBNA on June 24, 2009.  (Am. Compl. ¶ 18).

On June 8, 2010, Northwest filed the following documents, recorded as document # 2010-071353:

- Amended Affidavit of Mailing – Trustee's Notice of Sale
- Amended Trustee's Notice of Sale

Once again, Northwest listed Mortgage Electronic Registration Systems, Inc. solely as nominee for Mortgage Market, Inc., an Oregon corporation even though MERS had assigned its beneficiary interests in the Deed of Trust to WFBNA on June 24, 2009.  (Am. Compl. ¶ 19).

The Oregon Court of Appeals is not persuaded that the legislature intended circularity and redundancy in defining beneficiary. *See Niday v. GMAC Mortgage, LLC,* No. A147430, Or.App (2012) (stating: "The legislature could have simply defined "beneficiary" as the person named or otherwise designated in a trust deed *as the beneficiary*. Instead, the legislature used the phrase "the person for whose benefit a trust deed is given[.]" We presume that the legislature used that different language for a reason).  Stated another way, the Oregon legislature intended

6 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

the 'beneficiary' to be the one for whose benefit the [deed of trust] is given, which is the party who lent the money," rather than MERS, Inc.

The Court of Appeals agrees and holds that the "beneficiary" of a trust deed under the Oregon Trust Deed Act is the person designated in that trust deed as the person to whom the underlying loan repayment obligation is owed. *Id* <u>Niday</u> (In sum, we conclude that the "beneficiary" of a trust deed for purposes of the OTDA is the person named or otherwise designated in the trust deed as the person to whom the secured obligation is owed—in this case, the original lender.)

If a person has been fraudulently deceived about the nature of a document, so that he or she is excusably ignorant about what has been signed, courts recognize "fraud in the factum." *See Meyers v. Johanningmeier,* 735 P.2d 206, 207 (Colo.App.1987) (explaining relationship between statutory defense against holders in due course of negotiable instruments and the common law defense of fraud in the factum). Unlike other types of fraud, fraud in the factum yields an instrument that is void, and not merely voidable. *Akins v. Vermast,* 150 Or.App. 236, 945 P.2d 640, 643 n. 7, *adhered to on reconsideration,* 151 Or.App. 422, 950 P.2d 907 (1997); *Bennion Ins. Co. v. 1st OK Corp.,* 571 P.2d 1339, 1341-42 (Utah 1977).

Accordingly, there is no recorded Assignment of Mortgage from the true beneficiary - the original lender MMI - to Defendant WFBNA. In addition, Defendant MERS, Inc. could not act as MMI's nominee in 2009, 4 years after MMI dissolved as a legal entity in 2005. MERS, Inc.'s authority to act on MMI's behalf in 2009 no longer existed, thus the actions taken by the Defendants herein were known to be false and deceptive. These acts included the creation of the Assignment of DOT by MERS, Inc. which facilitated a chain effect of other created and recorded documents such as the Appointment of Substitute Trustee, the Notice of Default, the Notice of Sale, etc. all of which should be deemed void and invalid.

*Niday* makes clear MERS, Inc. cannot be the beneficiary of the Deed of Trust thus any action taken by MERS, Inc. to transfer or convey a beneficial interest to another party fails. In addition, each of Defendants' arguments as to the Trustee's Sale is premised on the assertion that

7 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

MERS, Inc., had the authority to transfer assets, interest and authority to others based on its false and misleading language found in the DOT that MERS, Inc. has authority as mortgagee and beneficiary and thus ORS 86.770 applies even though such was under false pretense.

Whether MERS is a "beneficiary," however, is determined by statute, not by contract. Under Oregon law, the provisions of the OTDA, including its definitions, form part of the trust deed agreement between the parties. *See Ocean Accident & Guarantee Corp. v. Albina Marine Iron Works,* 122 Or. 615, 617, 260 P. 229 (1927) ("law of the land applicable thereto is a part of every valid contract"); *see also Rehart v. Clark,* 448 F.2d 170, 173 (9th Cir.1971) ("existing laws are read into contracts in order to fix the rights and obligations of the parties"). In the event that a provision of the OTDA conflicts with a term of the trust deed, the OTDA provision, rather than the private contract, controls. *See* 11 R. Lord, WILLISTON ON CONTRACTS § 30:24 (4th ed. 1999) (The "incorporation of existing law may act to supersede inconsistent clauses purporting to define the terms of the agreement. For instance, where a statute regulates the amount the government is to pay for a particular service, the statute controls despite a contract between the government and the provider of the service agreeing to a lower rate."). If the parties intend to invoke the OTDA to govern their rights and responsibilities, they may not contract around its definitions. *Cf. United States v. Lupton,* 620 F.3d 790, 800 (7th Cir. 2010).

For ORS 86.770 to apply, MERS, Inc.'s act would need to have been lawful and proper. Here they were not. Plaintiffs' position to excuse the unlawful nature and let the fraudulent act stand is an act that would be against public policy and a violation of Plaintiffs' constitutional right to due process and equal protection under the law.

**vi.    Defendant MERS, Inc., MERSCORP and the MERS® System.**

Defendants MERS, Inc., and MERSCORP have presented the country and now this Court with their infamous "three card monty" game convincing everyone to look for the right card after the shuffle incorporating the same name twice (Mortgage Electronic Registration Systems, Inc.) in 1995, 1997 and 1998 - the latter (1998) changing its name in 1999 to MERSCORP, Inc. Thus,

8 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

the right card to turn over in the shuffle would be the right party "described" in the Deed of Trust ("DOT") (MERSCORP) versus the one deliberately named to mislead (MERS, Inc.).

Defendants seem to forget the testimony of MERSCORP's Vice President William Hultman which reveals and explains the entire MERSCORP-MERS® System and MERS, Inc. Hultman factually explains that the first Mortgage Electronic Registration Systems, Inc. was created in October of 1995. It went out of existence on June 30, 1998. A new Mortgage Electronic Registration Systems, Inc., was created on June 30, 1998, which took over the first one's responsibilities.[2] That second company's name was changed in 1999 to MERSCORP, Inc. It succeeded totally to the business interests of the first 1995 Mortgage Electronic Registration Systems, Inc. On January 1, 1999, MERSCORP, Inc., created a subsidiary shell company called Mortgage Electronic Registration Systems, Inc., which does not physically hold any loan documents, has no assets and maintains only a hand-full of employees.

MERSCORP, Inc. created an electronic registry system which it trademarked and called MERS®. MERS® registers and tracks the life of Mortgages/Deeds of Trust along with the owner of the subject Note using a system generated eighteen (18) digit number sequence commonly referred to as a MINS Number which is found on every MERS® Originated Mortgage ("MOM").

Because the information on the DOT such as the term MERS, which is a registered trademark owned by MERSCORP, Inc., the MIN Number which is generated by the MERS® system and the fact that the MERS® system generates and maintains the method and design for financial institutions and private corporate entities to become registered members of the MERS® registry system so that MERS can act as the "nominee" for Lender and Lender's successors and assigns, MERSCORP, Inc., is the party referred to on the DOT and not the shell company Mortgage Electronic Registration Systems, Inc. (Defendant MERS, Inc.).

---

[2] See the full 170 pages Deposition of William Hultman, Senior VP of MERSCORP, Inc. which explains in great detail everything about MERS®, MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. and the differences between them at http://www.sos.state.oh.us/SOS/Upload/news/20100930-Full-Deposition.pdf.

9 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Courts have failed to study the truth about the MERS corporate structures and what they actually do, including the reasoning behind the patent and trademark of the "MERS System". They have bundled all arguments and analysis of MERS under one umbrella called MERS and confuse critical facts that have cost homeowners and county recording offices billions of dollars not to mention they are complicit in the mortgage meltdown and financial crisis the United States suffers today.  They are the unnecessary AR-15 of the financial market everyone is crying to remove from the shelves.

Even the *Niday* decision observes the "who's who" in MERS but fails to properly recognize and analyze the roles wherein the Court states:

> **When a MERS member originates a home loan, the loan is assigned an 18-digit "Mortgage Identification Number" in the MERS database**. If, as is often the case, the loan obligation is secured by a trust deed, MERS is designated in that trust deed as the "nominee" for the member and for the member's successors and assigns. **MERS is also named as the "beneficiary" of the trust deed**. **If the MERS member** sells or assigns the beneficial interest in the loan obligation **to another member, that transfer is tracked in the MERS database (by the loan's Mortgage Identification Number).** The transfer is not recorded in the county records, and MERS continues to act as "beneficiary" of the trust deed.

Emphasis added.

Clearly the "MERS member" referred to is a member registered with the MERS® System (MERSCORP) and not Mortgage Electronic Registration Systems, Inc. (MERS, Inc.). As a member, the loan is assigned an 18-digit MINS number.  Again it is referring to the MERS® System (MERSCORP) and not Mortgage Electronic Registration Systems, Inc. (MERS, Inc.).   The sales of transfers from one MERS member to another MERS member which is tracked by the MERS® System again refers to the MERS® System (MERSCORP) and not Mortgage Electronic Registration Systems, Inc. (MERS, Inc.).  Thus it is conclusive and without waiver the MERS referred to and identified is referring to Defendant MERSCORP who changed its name from Mortgage Electronic Registration Systems, Inc.

///

10 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

### vii. MMI originated loans into the secondary market no different than everyone else.

MMI is no different from every other self-proclaimed mortgage lender stealing their piece of the pie during the real estate boom. They too were engaged in originating loans using third party warehouse lines of credit to fund transactions instead of using up their own funds. The idea MMI tied up its own money and held loans in a market whose entire premise was to have investors put up the money and receive a premium for originating the loans, is not only ludicrous but insulting to attempt to convey such a premise to this Court.

MMI and the Defendants named herein were/are members of the MERS® System. As explained in *Niday*:

> By the early 1990s, **lenders were commonly bundling beneficial interests in individual loan obligations and selling them in a secondary market as mortgage-backed securities.** Depending on how the loans were originated and sold, and depending on the applicable state laws where the loans were made, it was sometimes necessary for assignments of mortgage interests to be recorded under state recording acts. *See* Phyllis K. Slesinger & Daniel McLaughlin, *Mortgage Electronic Registration System,* 31 Idaho L. Rev. 805, 808 (1995)…

> …In 1993, various mortgage industry participants proposed the MERS system as an expedient alternative to recording multiple transfers of beneficial interests in loan obligations in the county records. **Under that system, companies that participate in the mortgage industry, such as lenders and servicing institutions, can become members of MERS and pay a fee to use the MERS system, a private electronic database that tracks the transfer of beneficial interests in loan obligations.**

Emphasis added.

Indeed the MERS® System was designed to accommodate those engaged in dealing loans into the secondary market. What the *Niday* Court fails to explain properly is *how* the secondary market operates and *why* loans are securitized to begin with.

In 1997, the Comptroller of the Currency ("OCC") (Administrator of National Banks) released a "Handbook" that defined the securitization of assets as follows:

///

11 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Definition:

Asset securitization is the structured process whereby interests in loans and other receivables are packaged, underwritten, and sold in the form of "asset backed" securities. **From the perspective of credit originators, this market enables them to transfer some of the risks of ownership to parties more willing or able to manage them. By doing so, originators can access the funding markets at debt ratings higher than their overall corporate ratings, which generally gives them access to broader funding sources at more favorable rates. By removing the assets and supporting debt from their balance sheets, they are able to save some of the costs of on-balance-sheet financing and manage potential asset-liability mismatches and credit concentrations.**[3]

Emphasis added.

According to the OCC, Asset securitization began with the structured financing of mortgage pools in the 1970s. For decades before that banks were essentially portfolio lenders; they held loans until they matured or were paid off. These loans were funded principally by deposits, and sometimes by debt, which was a direct obligation of the bank (rather than a claim on specific assets).[4]

The Benefits of Asset Securitization are clear:

**For Originators**

Securitization improves returns on capital by converting an on-balance-sheet lending business into an off-balance-sheet **fee income stream** that is less capital intensive. Depending on the type of structure used, securitization may also lower borrowing costs, release additional capital for expansion or reinvestment purposes, and improve asset/liability and credit risk management.

**For Investors**

Securitized assets offer a combination of attractive yields (compared with other instruments of similar quality), increasing secondary market liquidity, and generally more protection by way of collateral overages and/or guarantees by entities with high and stable credit ratings. They also

---

[3] See Definition, p. 2 at: http://www.occ.treas.gov/publications/publications-by-type/comptrollers-handbook/assetsec.pdf.

[4] See Brief History, p. 2 at: http://www.occ.treas.gov/publications/publications-by-type/comptrollers-handbook/assetsec.pdf.

12 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

THE SMITH FIRM, P.C.
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

> offer a measure of flexibility because their payment streams can be structured to meet investors' particular requirements. Most important, structural credit enhancements and diversified asset pools free investors of the need to obtain a detailed understanding of the underlying loans. This has been the single largest factor in the growth of the structured finance market.

Emphasis added.

MMI was not the investor of the subject loan transactions. It was merely the originator that acted as the lender. If a DOT was broken down into elements to understand *who* the right Mortgage Electronic Registration Systems, Inc. is being referred to (1997 or 1998), it's not difficult to come to the factual conclusion its Defendant MERSCORP and it is MERS® being referred to and not the 1998 Mortgage Electronic Registration Systems, Inc.

**B.    NW Property Is Not an Indispensable Party To This Action**

This action seeks relief against the acts of the Defendants named herein. None of the causes of action complained herein can be asserted against NW Property, the party whom Defendants claim is an indispensable party to this action.

Federal Rule of Civil Procedure Rule 19(b) provides: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

When determining whether an absent party is indispensable within the meaning of Rule 19 and, accordingly, whether the action can proceed in that party's absence, the court must first consider whether the nonparty should be joined under Rule 19(a). *E.E.O.C. v. Peabody Coal Co.,* 400 F.3d 774, 779 (9th Cir. 2005). If the court concludes the nonparty should be joined pursuant to Rule 19(a), the nonparty is considered a necessary party and the court must next determine whether joinder is feasible. *Peabody,* 400 F.3d at 779.

If joinder is not feasible, the court must determine whether the action can proceed without the absent party or whether that party is an "indispensable party." *Id.* If the court concludes the absent party is indispensable but cannot be joined, the action must be dismissed. *Id.*

13 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

Parties are indispensable under Rule 19(b) if they "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or without leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *United States v. Bowen,* 172 F.3d 682, 688 (9th Cir. 1999).

The relief sought by Plaintiffs is not the return of the property but rather, damages associated with Defendants' acts. If Plaintiffs decide to file an action against NW Property *because* pertinent documents have been deemed void or *if* the Court should order the property be returned to the Plaintiffs, NW Property may *then* be deemed a necessary party. Should the Court deem NW Property to be an indispensable party, Plaintiffs respectfully request this Court grant Plaintiffs leave to amend their complaint accordingly.

**C.    Plaintiffs should be allowed to amend their UTPA claims.**

All of Plaintiffs' UTPA claims should have been brought under ORS § 646.608 and not ORS § 646.607. Given such, the following ORS § 646.608 claims apply:

> **646.608 Additional unlawful business, trade practices; proof; rules.**
> (1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:
>
> (b) **Causes likelihood of confusion or of misunderstanding** as to the source, sponsorship, approval, or certification of real estate, goods or services.
>
> (c) **Causes likelihood of confusion or of misunderstanding as to affiliation**, connection, or association with, or certification by, another.
>
> (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection **that the person does not have**.
>
> (h) **Disparages** the real estate, goods, services, property or business of a customer or another **by false or misleading representations of fact**.
>
> (i) **Advertises real estate, goods or services with intent not to provide**

14 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

**them as advertised**, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

(j) **Makes false or misleading representations of fact** concerning the reasons for, existence of, or amounts of price reductions.

(k) **Makes false or misleading representations** concerning credit availability or **the nature of the transaction** or obligation incurred.

(L) **Makes false or misleading representations relating to commissions or other compensation to be paid** in exchange for permitting real estate, goods or services to be used for model or demonstration purposes or in exchange for submitting names of potential customers.

(m) **Performs service** on or dismantles any goods or real estate **when not authorized by the owner or apparent owner thereof**.

(o) In a sale, rental or other disposition of real estate, goods or services, gives or offers to give a rebate or discount or otherwise pays or offers to pay value to the customer in consideration of the customer giving to the person the names of prospective purchasers, lessees, or borrowers, **or otherwise aiding the person in making a sale, lease, or loan to another person**, if earning the rebate, discount or other value is contingent upon occurrence of an event subsequent to the time the customer enters into the transaction.

(q) **Promises to deliver** real estate, goods or services within a certain period of time **with intent not to deliver them as promised.**

(s) **Makes false or misleading representations of fact** concerning the **offering price** of, or **the person's cost** for real estate, goods or services.

(t) **Concurrent with tender** or delivery of any real estate, goods or services **fails to disclose** any known material defect or **material nonconformity**.

(u) **Engages in any other unfair or deceptive conduct in trade or commerce**.

All of Plaintiffs' UTPA claims arise under ORS § 646.608 to which Plaintiffs have a private right to action. As a result, Plaintiffs should be allowed to amend their UTPA claims.

///

///

15 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com

1  **D.    Plaintiffs UTPA Claims Are Not Time-Barred.**

All of Plaintiffs' claims are premised upon the fraudulent concealment of material facts using false, fraudulent and material misrepresentation by the Defendants. (Am. Compl. ¶¶ 7, 9, 11, 12, 13, 14 and 17). Fraudulent concealment in the pertinent sense involves concealment of the "fact that a cause of action has accrued" against the defendant. *Chaney v. Fields Chevrolet Co.,* 264 Or 21, 27, 503 P2d 1239 (1972).

The UTPA has a discovery rule. ORS § 646.638(6) states:

> Actions brought under this section shall be commenced within one year **from the discovery** of the unlawful method, act or practice. However, whenever any complaint is filed by a prosecuting attorney to prevent, restrain or punish violations of ORS 646.608, running of the statute of limitations with respect to every private right of action under this section and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof.

Plaintiffs did not learn of Defendants' fraudulent concealment of material information using false, fraudulent and material misrepresentations until it began its due diligence into Defendants' attempting to steal their property and had performed research of the subject loans in 2012. As a result, the statute of limitations should be tolled under the discovery rule and Plaintiffs' UTPA claims should not be deemed time-barred.

## **CONCLUSION**

Based on the foregoing, Defendants' Rule 21A(6), (8) and (9) Motion should be denied or in the alternative, Plaintiffs should be allowed to amend their Complaint.

DATED: March 18, 2013.

                                    **THE SMITH FIRM, P.C.**

                                    */s/ David P. Smith*_____
                                    David P. Smith, OSB #96430
                                    dave@thesmithfirmpc.com
                                    1754 Willamette Falls Dr.
                                    West Linn, OR 97068
                                    Telephone: (503) 657-6550
                                    Facsimile: (866) 710-0666
                                    Attorneys for Plaintiffs

16 – PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS AMENDED COMPLAINT

**THE SMITH FIRM, P.C.**
*Attorneys at Law*
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550
Fax: (866) 710-0666
Email: dave@thesmithfirmpc.com