**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Robert E. Maloney, Jr.**, OSB No. 670856
maloneyr@lanepowell.com
**Brian T. Kiolbasa**, OSB No. 112890
kiolbasab@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Mortgage Electronic Registration
Systems, Inc., and Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALEKSANDER MIKITYUK** and **OLITITSA MIKITYUK,** individuals**,** | Case No. 3:12-cv-1518-JE |
| Plaintiffs, | Mortgage Electronic Registration Systems, Inc. and Wells Fargo Bank, N.A.'s |
| v. | REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO BANK, N.A.'S, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS |
| **NORTHWEST TRUSTEE SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** and **WELLS FARGO BANK, N.A.,** | |
| Defendants. | |

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Wells Fargo

Bank, N.A. ("Wells Fargo"), respectfully submit this reply in opposition to plaintiffs' Response

in Opposition to Defendants' Motion to Dismiss ("Oppn.") (ECF No. 39).

PAGE 1 -   REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
AND MERS' MOTION TO DISMISS

# I.  INTRODUCTION

Plaintiffs' Opposition concedes that they cannot seek to void a completed foreclosure sale of which they had knowledge after it has been completed.  (Oppn. at 14 ("The relief sought by Plaintiffs is not the return of the property, but rather, damages associated with Defendants' acts."))  As a result, this Court should dismiss plaintiffs' claim for declaratory relief, which seeks to have various documents that were generated as part of the foreclosure declared "void."  (Am. Compl. ¶ 59.)[1]

The Court should dismiss plaintiffs' wrongful foreclosure claim for damages for the same reason that it should dismiss of the declaratory judgment claim.  ORS 86.770 prevents borrowers who had notice of a pending trustee's sale from challenging the sale after it has been completed, as shown by the ample authority provided to the Court showing that ORS 86.770, and the Oregon Trust Deed Act as a whole, mandates that completed foreclosure sales should be *final*, and cannot be collaterally attacked by parties who received notice.

Plaintiffs noticeably do not even address the authorities on point.  But they do concede that they were given notice of the sale and fail to allege that they took steps to prevent the sale or tendered the sum then due to prevent the sale from occurring.  The factual omission is fatal to their claim for damages.  As a consequence under Oregon appellate law, plaintiffs' failure to cure or outbid the highest bidder at sale is the legal cause of their lost equity in the home, not defendants' foreclosure.

Finally, plaintiffs concede that their attempts to state a claim under ORS 646.607 of the Unlawful Trade Practices Act ("UTPA") fail because the UTPA does not confer a private right

---

[1] Plaintiffs' withdrawal of the declaratory judgment claim is appropriate given their refusal to join the bona fide third party and fourth party purchasers to this case.  Indeed, the facts of this very lawsuit clearly epitomize why the legislature prohibited post-sale challenges by those who receive notice.  The property at issue was sold to a bona fide third party purchaser following the trustee's sale, and was subsequently was sold to a bona fide fourth party purchaser.  Allowing plaintiffs' challenge—brought almost two years after the trustee's sale had been completed—leaves both the bona fide third party purchaser and the current owner of the property with undetermined questions, renders the property unmarketable, and shows why the public policy supports the plain reading of ORS 86.770, which prevents post-sale challenges such as this.

PAGE 2 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
            AND MERS' MOTION TO DISMISS

of action under the statute plaintiffs based their claims on.  Furthermore, plaintiffs should not be permitted to amend their complaint for a second time because the proposed amendments are clearly time-barred and lack colorable merit, and would therefore be futile.

Accordingly, dismissal with prejudice of plaintiffs' Amended Complaint (ECF No. 22) is required.

## II. ARGUMENT

### A.    ORS 86.770 Bars Any Challenge to the Completed Sale.

Plaintiffs concede in their Opposition that they are prohibited from attempting to unwind the completed foreclosure sale.  (Oppn. at 14 ("The relief sought by Plaintiffs is not the return of the property, but rather, damages associated with Defendants' acts."))  Accordingly, plaintiffs' fourth claim for relief for declaratory judgment should be dismissed, because plaintiffs sought a declaration that certain documents associated with the foreclosure of the property were cancelled or void.  (Am. Compl. ¶¶ 54–60.)  But plaintiffs' wrongful foreclosure claim for damages should also be dismissed for the same reasons—it is barred by ORS 86.770.

Plaintiffs make nearly no effort to contest the ample legal authorities offered by defendants showing that the plain language of ORS 86.770, the context of the statute, the statutory scheme of the OTDA, and the legislative history prevents plaintiffs from challenging the completed foreclosure of which they had notice.  (*See generally* defendants' Memorandum in Support of Motion to Dismiss ("Memo.") (ECF No. 26) at 5–14.)

Plaintiffs mention ORS 86.770 only twice in passing in the Opposition (Oppn. at 8), but make no serious attempt to respond to defendants' arguments or supply the Court with contrary legal authority.  Arguments ignored by a party in briefing are implicitly conceded by that party. *See*, *e.g.*, *Samper v. Providence St. Vincent Med. Ctr.*, No. 09–CV–1182–AC, 2010 WL 3326723, at *16 (D. Or. Aug. 23, 2010) (plaintiff "does not address this argument in her opposition and, thus, she appears to concede" the argument); *Hubbard v. Bank of Am.*, No. 10–3094–CL, 2011 WL 2470021, at *5–6 (D. Or. Apr. 21, 2011) (dismissing claim challenging

PAGE 3 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
            AND MERS' MOTION TO DISMISS

foreclosure after observing that plaintiff did not oppose defendants' arguments in support of their motion to dismiss); *First Interstate Bank, N.A. v. Allstate Ins. Co.*, 74 Or. App. 1, 4, 701 P.2d 791 (1985) (when defendant fails to respond to plaintiff's contention, court need not address it). Accordingly this Court can and should ignore plaintiffs' arguments here.

Plaintiffs' silence on the key issue is not surprising—the law is clear that post-sale challenges are not permitted in Oregon. The Court of Appeals has recently reaffirmed the plain language of ORS 86.770 in *NW Property Wholesalers LLC v. Spitz*, 252 Or. App. 29, 34, 287 P.3d 1106 (Aug. 29, 2012, P. J. Armstrong).[2]

Most Oregon trial and district courts have agreed that completed foreclosure sales are final, and post-sale challenges by borrowers who received proper notice are not permitted under the OTDA. *See Bell v. ReconTrust Co.*, N.A., No., 11-6390-HO, 2012 U.S. Dist. LEXIS 26074, at *7 (D. Or. Feb. 29, 2012) (trustee's sale forecloses and terminates plaintiff's interest in the property because he received requisite notice) (citing ORS 86.770(1)); *Hogan v. Nw. Trustee Servs., Inc.*, No. 10-6028-HO, 2010 WL 1872945, at *3 (D. Or. May 7, 2010), *aff'd*, 2011 WL 2601563 (9th Cir. July 1, 2011) (dismissing claim to void a non-judicial foreclosure sale when "plaintiffs' claims amount[ed] to an improper collateral attack on a state law foreclosure which has been completed"); *Freeman v. Names (In re Names)*, No. 10-6244, 2011 WL 1837819, at *4

---

[2] The *Spitz* decision construes ORS 86.770 in conjunction with OTDA's notice provisions, ORS 86.740 and ORS 86.750. While the OTDA notice provisions serve "to give people whose interest in the property could be affected by a pending trust deed foreclosure and notice of the sale *sufficiently in advance of the sale to enable them to act to protect their interests*[,]" ORS 86.770 "in turn, is the provision that establishes the legal effect of a trust deed foreclosure sale on those to whom notice is given." Thus, *Spitz* reaffirms long-standing precedents construing ORS 86.770. *See Baggao v. Mascaro*, 77 Or. App. 627, 630–31, 717 P.2d 261 (1986) ("Under ORS 86.770(1), a trustee's foreclosure sale has the same effect as a judicial sale on foreclosure of a mortgage. *It terminates all interest in the property covered by the trust deed of all persons to whom notice is given, but has no effect on the interests of persons to whom notice is not given.*") (emphasis added); *see also Wright v. Assocs. Fin. Servs. Co.*, 59 Or. App. 688, 695, 651 P.2d 1368 (1982) (holding that under ORS 86.770, borrowers who have notice but fail to reinstate loan prior to five days before the scheduled sale, lose their opportunity to protect their equity), *superseded by statute on other grounds as noted in Rapacki v. Chase Home Fin. LLC*, 797 F. Supp. 2d 1085, 1092 (D. Or. 2011). Here, there are no allegations of defective notice, and so the statutory bar provided by ORS 86.770 clearly bars plaintiffs' claims.

PAGE 4 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
            AND MERS' MOTION TO DISMISS

(Bankr. D. Or. May 13, 2011) (plaintiff with actual notice of the sale could not challenge a completed sale); *Dietrich v. ReconTrust Company, N.A.*, Case No. 11CV0801, Order, at 2 (Deschutes Cnty. Cir. Ct. July 10, 2012) (plaintiff lacks standing under ORS 86.770 to challenge completed foreclosure)[3]; *Deutsche Bank Nat'l Trust Co. v. Kruse*, Civ. No. 12-0005300E, Order, at 3 (Jackson Cnty. Cir. Ct. May 16, 2012) (rejecting post-sale challenge to foreclosure based on unrecorded assignments of the trust deed in unlawful detainer proceeding because sale process was complete under ORS 86.770)[4]; *Doyle v. First Tennessee Bank*, Case No. 11CV0389, Letter Opinion, at 4 (Josephine Cnty. Cir. Ct. March 21, 2012) (rejecting post-sale challenge to completed foreclosure because it was simply a request to redo foreclosure)[5]; *Offenbacher-Afolau v. Recontrust, et al.*, Case No. 1202-02429, Final Order (Multnomah Cnty. Cir. Ct. Jan. 16, 2013) (holding that "plaintiff is statutorily barred under ORS 86.770 from challenging a completed foreclosure sale of which she had notice.  No amendment will cure this jurisdictional defect, and, accordingly, the Court finds that the dismissal shall be with prejudice.")[6]; *Wolf v. GMAC Mortgage, LLC*, Case No. CV120134, Order, at 2 (Yamhill Cnty. Cir. Ct. March 12, 2013) (finding plaintiff's attempt to challenge a completed sale barred by ORS 86.770 "even if such non-judicial foreclosure did not comply with the requirements of ORS 86.735.")[7]

**B.    Plaintiffs' Attempt to Seek Damages Following Foreclosure Fails Because Plaintiffs Failed to Tender and Have Not Alleged Their Ability to Do Equity.**

While conceding that they cannot recover title to the property, plaintiffs still argue that they are entitled to damages stemming from the "wrongful foreclosure" of the property.  (Am.

---

[3]   Attached to the Declaration of Brian T. Kiolbasa in Support of Motion to Dismiss ("Kiolbasa Decl.") (ECF No. 27) at Ex. 3.
[4]   Attached to the Kiolbasa Decl., at Ex. 4.
[5]   Attached to the Supplemental Declaration of Brian T. Kiolbasa ("Kiolbasa Supp. Decl.") filed concurrently herewith as Ex. 1.  Defendants rely on their prior Request for Judicial Notice for their additional requests that this Court take judicial notice of public filings identified in the Kiolbasa Supp. Decl., filed herewith.
[6]   Kiolbasa Supp. Decl. Ex. 2.
[7]   Kiolbasa Supp. Decl. Ex. 3.

PAGE 5 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S AND MERS' MOTION TO DISMISS

Compl. ¶¶ 48–53; Oppn. at 14 ("The relief sought by Plaintiffs is not the return of the property, but rather, damages associated with Defendants' acts."))  Plaintiffs are wrong.

Under Oregon law, a claim challenging foreclosure is not justiciable unless a plaintiff can establish the ability to cure or outbid the highest bidder at the foreclosure sale.  *Domingo v. Anderson*, 138 Or. App. 521, 525–26, 910 P.2d 402 (1996), *aff'd in part and rev'd in part on other grounds*, 325 Or. 385, 938 P.2d 206 (1997).  Numerous recent Oregon trial and district courts have ruled the same.  *See, e.g.*, *Hogan*, 2010 WL 1872945, at *5 (right to redemption "exists only until the foreclosure sale and only if the mortgagor reimburses the mortgagee and cures the default"); *Nickerson v. Capitol Commerce Mortg. Co.*, No. 112643, Order at 2 (Lincoln Cnty. Cir. Ct. Or. Mar. 14, 2012) ("The case * * * does not present a justiciable controversy because plaintiffs have not pled that they can perform their loan obligations.")[8];  *Yovko v. Nw. Trustee Servs. Inc.*, No. C11-0703CV, Order at 3–4 (Wash. County Cir. Ct. Or. Nov. 22, 2011), Slip Op. at 3–4 ("[T]here is no justiciable controversy because plaintiff has failed to show that she has incurred actual damages and has failed to show that she can cure the default.")[9];  *Bell*, 2012 U.S. Dist. LEXIS 26074, at *9 ("The lack of the ability to cure the default * * * demonstrates a lack of a justiciable controversy.");  *Doyle*, No. 11CV0389, Letter Op. at 4 (dismissing case for lack of justiciable controversy when the borrowers did not plead the ability to cure their default or reinstate their loan, and when allegations concerning "the role of MERS as a beneficiary * * * did not cause the plaintiffs to be in default"); *see also* ORS 86.742(3) (requiring omitted person who did not receive notice of the trustee's sale to show, by "clear and convincing evidence, that the omitted person had the financial ability to cure the default * * *

---

[8] Kiolbasa Supp. Decl. Ex. 4.
[9] Kiolbasa Supp. Decl. Ex. 5.

PAGE 6 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
             AND MERS' MOTION TO DISMISS

prior to the date of the trustee's sale, and that the omitted person would have done so had the omitted person received the notice required * * *.")

Plaintiffs here likewise do not allege any harm fairly traceable to the alleged conduct of defendants. Where, as here, plaintiffs have defaulted and failed to cure or tender five days prior to sale,[10] the foreclosure proceedings result from their failure to make loan payments, not from defendants' conduct, and thus there is no causal link between the alleged wrongful conduct and the alleged harm. *See Crane v. Mabry*, 104 Or. App. 634, 639–40, 802 P.2d 696 (1990); *Doyle*, Slip Op. at 4 (dismissing allegations concerning MERS when plaintiffs failed to show harm caused by the alleged conduct); *Bell*, 2012 U.S. Dist. LEXIS 26074, at *9 (dismissing suit as non-justiciable when "the foreclosure was not caused by any wrongdoing on the part of defendants * * * but by plaintiff's failure to make loan payments as they came due").

Because any alleged loss suffered by plaintiffs was the result of their failure to make payments, and not any conduct of defendants, and because plaintiffs did not cure their default prior to the foreclosure sale being conducted, there is no justiciable controversy and plaintiffs' claim for wrongful foreclosure must be dismissed.

## C.    The Court Must Dismiss Plaintiffs' UTPA Claims Because Plaintiffs Concede Their Inadequacy.

Counts I and II of plaintiffs' Amended Complaint allege violations of the UTPA. (Am. Compl. ¶¶ 22–47.) In the Opposition, plaintiffs explicitly concede that their attempts to state a claim under the UTPA fail. The Opposition acknowledges that plaintiffs' UTPA claims fail under ORS 646.607. (Oppn. at 14.) As argued by defendants, plaintiffs lack standing to bring claims under ORS 646.607 because the statute does not allow for a private right of action.

---

[10] *See* ORS 86.753(1) (providing for discontinuance of foreclosure proceedings if the grantor, or other interested party, cures the default five days prior to the sale "by paying the entire amount due at the time of cure under the terms of the obligation * * *.")

PAGE 7 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
            AND MERS' MOTION TO DISMISS

(Defs.' Memo at 16–17.)   Accordingly, there is no question that Counts I and II of plaintiffs' Amended Complaint must be dismissed.

**D.    The Court Should Not Permit Plaintiffs to Submit a Second Amended Complaint.**

Plaintiffs request leave to submit a second amended complaint.  (Oppn. at 15) ("Plaintiffs should be allowed to amend their UTPA claims.")  But, like their attempt to state a claim under the UTPA, plaintiffs' attempt to explain why they should be allowed to replead also fails, and should not be allowed.

Leave to amend should be denied because the proposed amendments are futile.  Courts may deny leave to amend solely on the basis of futility.  *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).  With respect to the futility factor, "futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).  An amendment is futile if it would not survive a motion to dismiss or a motion for summary judgment.  *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir. 1986) ("[A]ny amendment would have been futile in that it could be defeated on a motion for summary judgment."); *Hemstreet v. Duncan,* 2008 WL 409165, Case No. 07-CV-732-ST (D. Or. Feb. 8, 2008) (same); *Johnson v. National Steel & Shipbuilding Co.,* 759 F. Supp. 606, 612 (S.D. Cal. 1991) ("[A] motion to amend may properly be denied where the amendment is futile and, thus, vulnerable to motions to dismiss and for summary judgment.").  Such is the case with plaintiffs' proposed amended UTPA claims.

Plaintiffs' request to amend should be denied because the UTPA did not apply to extensions of credit at the time of plaintiffs' loan, and even if it did, their claims are time-barred by the UTPA's one-year statute of limitations.  Additionally, plaintiffs have suffered no damages as a result of the conduct they complain of, which is required in order to state a UTPA claim.  As a result, plaintiffs' request to amend their pleadings must be denied.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
707220.0091/5631021.3

1.      **The UTPA did not apply to extensions of credit in 2003.**  Plaintiffs should not be allowed to amend their UTPA claims for the simple fact that they cannot state a claim under the UTPA under any theory.  The UTPA did not apply to extensions of credit in 2003 when plaintiffs obtained their loan, and executed the Deed of Trust that named MERS as the beneficiary.  (Am. Compl. ¶ 8; *id.* Ex. A.)  Because the loan was entered into in 2003, the 2003 version of the UTPA applies to plaintiffs' attempt to state a claim.

Under the 2003 version of the statute, the UTPA did not apply to "extensions of credit." ORS 646.605(6)(2003); *Haeger v. Johnson*, 25 Or. App. 131, 135, 548 P.2d 532 (1976); *Lamm v. Amfac Mortgage Corp.*, 44 Or. App. 203, 204-05, 605 P.2d 730 (1980); *accord Hogan*, 2010 WL 1872945, at *5 (applying 2007 version of UTPA to plaintiffs' claim that in 2007 defendants placed them in a loan that they could not afford and finding that UTPA did not apply to extensions of credit); *accord, Lock v. JPMorgan Chase*, 2010 WL 4538130 (D. Or. Nov. 1, 2010) (holding that the UTPA for the relevant time period does not apply to extensions of credit, including those designed to cover overdrafts allegedly occurring in December 2008 and 2009).

ORS 646.605(6) was not amended to apply to extensions of credit until March 23, 2010, and the statute does not apply retroactively.  *See* H.B. 3706, 75th Leg. Ass., First Special Session, Ch. 94.  As a result, all of the conduct plaintiffs complain of—including MERS' role in their loan (Am. Compl. ¶ 26); the assignment recorded in 2009 (*id.* ¶ 32); and the allegations relating to MERS' corporate structure and use of the ® in its name (*id.* ¶¶ 40–45); simply do not support a cause of action because the UTPA did not apply to such claims during the time period alleged by plaintiffs.

2.      **Plaintiffs' UTPA claims are time-barred.**  Even if the UTPA did apply during the relevant time periods alleged by plaintiffs, their claims still fail because the UTPA carries a one-year statute of limitations.  UTPA claims "shall be commenced within one year from the discovery of the unlawful method, act or practice."  ORS 646.638(6).  The period of limitation begins to run when the plaintiff knows or should have known of the alleged unlawful act or

PAGE 9 -    REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
            AND MERS' MOTION TO DISMISS

misrepresentation.  *McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237, 247–48, 971 P.2d 414 (1998), *citing Bodin v. B. & L. Furniture Co.*, 42 Or. App. 731, 734, 601 P.2d 848 (1979). Oregon courts apply a reasonable inquiry test to determine when a plaintiff should have known of the conduct at issue.  *Id.* at 248.

Here, plaintiffs allege wrongful conduct purportedly occurring more than one year before they filed suit.  Plaintiffs signed the Note and Deed of Trust in May 2003 (Am. Compl. ¶ 8), at which time MMI was identified as the lender and MERS was identified as the beneficiary without an "®" symbol.  (Am. Compl. ¶¶ 8, 15; *id.* at Ex. 1.)  Plaintiffs knew at that time that MERS was the beneficiary of the Deed of Trust.  (*Id.*)  The loan was allegedly assigned in 2009. (Am. Compl. ¶ 12.)  Plaintiffs received notice of the pending foreclosure of the Property in late 2009 and concede that the notice was recorded as required by statute in 2010.  (Am. Compl. ¶¶ 19–21; *id.* Ex. E.)  The sale was completed in September 2010.  (Kiolbasa Decl. Ex. 1.) Because all of the allegedly wrongful conduct occurred well over one year before plaintiffs brought this lawsuit, the UTPA claims are time-barred as a matter of law.

Plaintiffs now argue that the one-year statute of limitations for their UTPA claims was tolled until plaintiffs "began [their] due diligence into Defendants' attempting to steal their property * * * in 2012."  (Oppn. at 16.)  Plaintiffs conclude that Defendants' actions constituted a "fraudulent concealment of material information."  (*Id.*)  As an initial matter, plaintiffs' attempt to raise a tolling argument now is improper and should not be considered.  *See Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating "a court **may not** look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," in determining whether a plaintiff has alleged facts sufficient to survive a motion to dismiss) (emphasis in original).  Regardless, plaintiffs have not provided any basis to support a tolling argument here.

Where it appears on the face of the complaint that the statute of limitations had run, as is the case here, equitable tolling must be affirmatively pleaded in the complaint.  *See Grimmett v.*

PAGE 10 -  REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
                 AND MERS' MOTION TO DISMISS

*Brown*, 75 F.3d 506, 514 (9th Cir. 1996) (failure to plead in complaint allegedly concealed facts waives this tolling defense); *see also Beals v. Breeden Bros., Inc.*, 113 Or. App. 566, 572 (1992); *Huycke v. Latourette*, 215 Or. 173, 177 (1958); *Heard v. Coffey*, 218 Or. 275, 281 (1959); *Hewitt v. Thomas*, 210 Or. 273, 276 (1957). Plaintiffs failed to raise tolling—let alone plead any facts to justify its application—in their Amended Complaint, thus barring application of this equitable doctrine. Further, this doctrine has generally been applied only where either the claimant has "actively pursued" judicial remedies during the statutory period or where the claimant "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Vets. Affs.*, 498 U.S. 89, 96 (1990)); *see also Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp.2d 895, 905 (CD. Cal. 2009).

The support offered by plaintiffs (besides being difficult to follow) is wholly conclusory, vague and irrelevant. Plaintiffs allege that they did not become aware of their purported UTPA claims until they began "perform[ing] research of the subject loans in 2012." (Oppn. at 16.) However, the law is clear that "[t]he limitations period does not toll simply because a party is ignorant of her cause of action." *Grimmett v. Brown*, 75 F.3d 506, 515 (9th Cir. 1996); *see also Vasconcellos v. Wells Fargo Home Loan Mortgage, Inc.*, Civ. No. 10-757-KI, 2010 U.S. Dist. LEXIS 98818, at *10–11 (D. Or. Sept. 20, 2010) (dismissing TILA claims on statute of limitations grounds where underlying loan occurred more than a year before the filing of complaint, and plaintiffs did not allege "any actions on the part of [defendant] that would have prevented discovery of the alleged TILA violations.").

Plaintiffs' attempt to save their time-barred UTPA claims fails because plaintiffs provide no basis for explaining why they were prevented from beginning their due diligence until 2012. More importantly, plaintiffs cannot maintain allegations of fraudulent concealment regarding the alleged transfer of the loan because they admit that all information they now complain of was available to them. Under any circumstances, plaintiffs knew that the Deed of Trust named

PAGE 11 - REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
AND MERS' MOTION TO DISMISS

MERS as the beneficiary when they signed it in 2003, and were given notice that foreclosure had been commenced in 2009. (Am. Compl. Ex. E.) Even the *Hooker* opinion on which plaintiffs relied on in their original Complaint (Compl. ¶ 7), was issued over one year before plaintiffs' initiated this action. *Hooker v. Northwest Trustee Services, Inc.*, Case No. 10-3111-PA, 2011 WL 2119103 (D. Or. May 25, 2011). Plaintiffs' UTPA claims are time-barred. The Court should deny plaintiffs' request to further amend their pleadings for this reason alone.

**3. Plaintiffs cannot state a claim for damages.** Even if plaintiffs' UTPA claims were not time barred (which they are), plaintiffs' claims must be dismissed because plaintiffs cannot state any claim for damages, which is required under the UTPA. The UTPA extends a private cause of action only to a plaintiff who "suffers any ascertainable loss of money or property * * * as a result of" an unlawful trade practice. ORS 646.638(1). Oregon courts have recognized that this language imposes a causation requirement. *See Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708, 13 P.3d 1044 (2000). Where causation is absent, there is no liability under the UTPA, even if an unlawful act is proven. *See Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 110, 634 P.2d 471 (1981).

Plaintiffs allege that they have "lost a cash deposit, approximately $141,804.00 in payments received on the subject loan[,] and bear[] the cost of attorney fees, consultants and experts to identify the issues herein and bring this action to protect Plaintiffs' rights under the law." (Am. Compl. ¶ 47.) When appropriate, ORS 646.638(3) provides for the recovery of attorney's fees and litigation costs. Thus, attorney's fees and litigation costs cannot also constitute an "ascertainable loss" under ORS 646.638(1), as that would constitute a double recovery. Moreover, plaintiffs' cash deposit and loan payments do not constitute damages. The former was independent of their loan, and the loan payments were made pursuant to the Note and Deed of Trust that plaintiffs signed and agreed to be bound by voluntarily.

Plaintiffs defaulted on their repayment obligations in 2009. (See Am. Compl. Ex. D at 1 (Notice of Default reciting default beginning in January 2009).) As a result, plaintiffs agreed in

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
707220.0091/5631021.3

the Deed of Trust that the property could be foreclosed. (*See* Am. Compl. Ex A at 4 (defining default and providing grounds for acceleration of debt).) In short, loss of the property through foreclosure was the agreed upon and natural consequence of plaintiffs' failure to repay the loan they had received. They have no damages supporting a UTPA claim, so any amendment of their claims would be futile.

It is clear that plaintiffs cannot state a claim under the UTPA because it did not apply to extensions of credit during the relevant time period, and because their purported claims are time barred. Even if they were not, plaintiffs have no damages which they can seek recovery of under the UTPA. Accordingly, plaintiffs' request to amend their pleadings again should be denied.

### III. **CONCLUSION**

For the above-stated reasons, MERS' and Wells Fargo's Motion to Dismiss Plaintiffs' Amended Complaint should be granted, and this lawsuit should be dismissed with prejudice.

DATED: April 1, 2013

LANE POWELL PC

By ____/s/  Brian T. Kiolbasa_____
    Pilar C. French, OSB No. 962880
    Robert E. Maloney, Jr., OSB No. 670856
    Brian T. Kiolbasa, OSB No. 112890
    Telephone: 503.778.2100
Attorneys for Mortgage Electronic Registration
Systems, Inc., and Wells Fargo Bank, N.A.

PAGE 13 -  REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO WELLS FARGO'S
           AND MERS' MOTION TO DISMISS